Filed 3/21/13  Porter v. Adger CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JANE PORTER, | B237287 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. PC049226) |
| v. | |
| JOANNE ADGER et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Burt Pines, Judge.  (Retired judge of the L.A. Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Law Offices of Dawn T. Simon, Dawn T. Simon and Charles D. Collom for Plaintiff and Appellant.

Law Offices of Steven R. Young and Jim P. Mahacek for Defendants and Respondents.

_____

Plaintiff and appellant Jane Porter appeals from a judgment in favor of defendants and respondents Joanne Adger and Shadow Hills Mobile Home Park in this action arising out of Porter's eviction from the park. Porter contends that triable issues of fact exist as to her causes of action for elder abuse and intentional infliction of emotional distress, and therefore, the trial court abused its discretion by denying her requests for a continuance and to amend her complaint. We find no abuse of discretion and affirm.

## FACTS AND PROCEDURAL BACKGROUND

### Allegations of the Complaint

Adger owns Shadow Hills. On September 21, 2010, Porter and the former park manager Sharon Olsen filed a complaint against Adger, her son, and Shadow Hills. Attached to the complaint was a copy of a contract between Porter and Adger's son made in February 2003. Porter sold her mobile home to Adger's son for $7,500, with the agreement that Porter could reside in the mobile home as long as she was able, even after the purchase amount was paid in full. The contract stated, "In the event that the sum is paid in full it is also understood that Jane E. Porter will not be charged any more money than the space rent which Jane E. Porter already pays to Shadow Hills Mobile Home Park." The contract was signed by Porter and Adger's son, with Olsen as a witness.

Porter and Olsen filed an amended complaint on April 15, 2011. Porter's alleged causes of action against Adger and Shadow Hills included elder abuse and intentional infliction of emotional distress. She alleged that Adger and her son took financial advantage of her when they appropriated her mobile home and personal belongings under an agreement that was beneficial to Adger's son. They intentionally inflicted emotional distress by not allowing Porter or her agent to retrieve her personal belongings, including clothing and mementos. When Porter's agent tried to retrieve her personal effects, they had the agents arrested. Porter was left homeless in her nightgown.

2

**Motion for Summary Judgment and Supporting Evidence**

On May 24, 2011, Adger and Shadow Hills filed a motion for summary judgment on the ground that a cause of action for elder abuse could not be alleged against them based on a contract to which they were not parties or a lawful eviction. In addition, Porter and her agents were in fact allowed access to the mobile home and retrieved several items.

Adger provided her declaration as to the following facts. Residents of the mobile home park rent space for their mobile homes. If a residency is terminated, the resident still owns the mobile home and can sell it or remove it from the park. Adger's son does not own the park and is not authorized to act on behalf of her or the park. She hired Olsen as park manager in October 2002. Olsen lived in a mobile home provided by Adger and Shadow Hills. Adger was not a party to her son's written agreement to purchase Porter's mobile home. Adger terminated Olsen's employment in October 2009 and requested that Olsen vacate her mobile home. Olsen and her husband were evicted on January 20, 2010.

Olsen and her husband moved into Porter's mobile home. Residents complained about rule violations and annoyances. Olsen also harassed the new park manager, Charlene Ramirez. Porter, as the mobile home owner, was responsible for any violations by members of her household and guests.

Adger presented Porter with two written notices to comply with park rules. Porter refused. Adger initiated eviction proceedings. On August 3, 2010, the court awarded her possession of the space. On August 20, 2010, the Los Angeles County Sheriff's Department executed the writ of possession against Porter and all other occupants. Adger and Shadow Hills have not denied access to Porter or her agents to remove her belongings. Porter can remove her mobile home at any time, although Adger is entitled to collect a daily storage charge.

In addition, Adger provided the declaration of park manager Ramirez. Ramirez stated that residents complained about the behavior of Olsen and her husband. The police

3

were called on at least 30 occasions.  She provided Porter's attorneys with access to the mobile home to retrieve property on September 2 and 8, 2010, which was loaded into a truck.  On September 9, 2010, Ramirez called the police after a resident reported that people had broken into Porter's mobile home—the people turned out to be Olsen and one of the men who helped load the truck previously.  Ramirez has not denied access to Porter or her authorized agents to remove property from the mobile home.

Adger submitted a copy of the notice given to Porter requiring her to comply with park rules, including the rule that guests cannot occupy a mobile home for more than 14 consecutive days without registering, and guests cannot stay more than 20 consecutive days without agreement of the park.  The notice informed Porter of additional violations, including that Olsen and her husband were speeding through the park, smoking controlled substances outside her mobile home, engaging in loud arguments, trespassing, and destroying park property.

Adger's attorney, Harmeet Chana, declared that he caused the filing of the unlawful detainer action, which was tried on August 3, 2011, and judgment was awarded to Adger, doing business as Shadow Hills.

In the separate statement of facts, Adger and Shadow Hills quoted portions of Porter's deposition testimony.  Porter admitted that she knew Olsen should not be living in her mobile home and she could be evicted for it, but she did not care.  She added, "Why would I care?  They could kiss off any time they wanted to."

## Opposition to Motion for Summary Judgment and Supporting Evidence

Porter opposed the motion for summary judgment on the grounds that Adger and Shadow Hills ratified the purchase contract by not raising Porter's rent, which was considerably lower than the rent paid by other residents.  Porter also argued that the unlawful detainer action was not res judicata as to the present issues.

In support of her opposition, Porter submitted her declaration.  She declared that the sale price for her mobile home was too low, Adger's son had not paid the promised

4

amount, and she never agreed to have his name added to the title. The remainder of her declaration stated: "The eviction was a pile of horse____. I know it. They hated [Olsen]. When I said I knew what was going on, I meant I knew too much. I knew what the Adgers were doing, from top to bottom. They had to get rid of me. . . . The Park rules went out the window with the Adgers. They did what they wanted. And they wanted to get at [Olsen]. [Olsen] never did the things they accuse her of. [¶] [Adger] was the one who began the whole eviction process. She knew as much as I did and knew what she was doing was wrong."

## Reply and Trial Court Ruling

Adger and Shadow Hills filed a reply and objections to Porter's declaration as conclusory, argumentative, speculative, and lacking foundation. A hearing was held on August 8, 2011. The trial court sustained the objections to Porter's declaration and stated its tentative decision to grant the motion for summary judgment. The elder abuse cause of action was based on the allegation that Adger's son added his name to the title on the mobile home. The undisputed facts showed Adger and Shadow Hills were not a party to the purchase agreement, and the evidence failed to show that they had any interest in the agreement. In addition, the undisputed evidence showed Porter had been allowed to retrieve her belongings.

Porter requested an opportunity to amend the complaint to allege a cause of action for abuse of process, because the unlawful detainer action was conducted for an improper purpose. Porter also claimed that the unlawful detainer proceedings were unlawful, because notice was not provided to Adger's son, even though his name was on the title to the mobile home. The trial court noted that the trial was scheduled for August 22, 2011, and it was too late to redefine the pleadings. The court denied the request to amend the complaint. The court granted the motion for summary judgment on the ground that there were no triable issues of material fact as to any of the claims.

5

**Postjudgment Proceedings**

On August 18, 2011, Porter filed an ex parte notice requesting an order shortening time for hearing a motion for reconsideration and a renewed motion to amend the pleading to conform to proof, as well as a stay of the proceedings to file regularly noticed motions. However, on August 22, 2011, the trial court entered an order granting the motion for judgment and judgment in favor of Adger and Shadow Hills.

On September 1, 2011, Porter filed a motion for reconsideration based on new facts and her renewed request to amend the complaint to conform to proof. She also filed a motion for a new trial. In support of the motions, Porter submitted the declaration of her attorney, Dawn Simon. During discovery, Los Angeles Adult Protective Services (APS) informed Simon that due to the privacy requirements of the Welfare and Institutions Code, Simon would be allowed to interview APS agents only at trial and documents could be released by subpoena only to a court for trial. However, after the trial court granted summary judgment in favor of Adger and Shadow Hills, Simon confirmed that Adger told an APS agent during an interview that the eviction would not proceed, because Olsen had moved out. Adger made the misrepresentation to induce Porter not to attend the unlawful detainer trial and she did not attend.

Porter submitted a proposed second amended complaint. In the proposed complaint, the elder abuse cause of action alleged that Adger took financial advantage of Porter by fabricating reasons for eviction and telling Porter that no eviction would take place because she had complied with the notice. Because Adger said the eviction would not take place, Porter did not attend the court proceedings and Adger obtained the eviction judgment against her. Porter was deprived of her property, because Adger knew about, ratified and encouraged Porter's agreement with Adger's son. The proposed complaint also added a cause of action for abuse of process based on Adger's use of the eviction process. The cause of action for intentional infliction of emotional distress was substantially similar to the operative complaint.

6

Adger and Shadow Hills opposed the motion for reconsideration and request to amend the complaint. They filed objections to Simon's declaration on the grounds that the statements were hearsay, speculation, conclusory, and argumentative, and lacked foundation.

A hearing was held on October 4, 2011. The trial court concluded that it lacked jurisdiction, because judgment had been entered and insufficient grounds existed for a new trial. The court found Porter failed to present admissible evidence to support her claims and failed to present newly discovered facts or errors of law. The explanation for the alleged late evidence was insufficient. As for the motion to amend, it was procedurally deficient. Even if procedural rules had been complied with, there was an insufficient showing to warrant relief. The court denied the motions.

On November 14, 2011, Porter filed a notice of appeal from the order "of 9 August 2011 . . . of which notice was given on 14 September, 2011[.]" In the interests of justice and judicial economy, and because the parties have not raised any issue concerning the notice of appeal, we deem the appeal to have been taken from the August 22, 2011 judgment.

## DISCUSSION

## Motion for Summary Judgment

Porter does not appear to contend that the motion for summary judgment should have been denied based on the allegations of the operative complaint or the evidence submitted in connection with the motion. It is clear that the motion for summary judgment was properly granted.

Summary judgment is appropriate "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) "The moving party bears the burden to demonstrate 'that there is no triable issue of material fact and that [it] is entitled

7

to judgment as a matter of law.' [Citation.] If the moving party makes a prima facie showing, the burden shifts to the party opposing summary judgment 'to make [its own] prima facie showing of the existence of a triable issue of material fact.' [Citation.] 'There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof.' [Citation.]" (*Avila v. Continental Airlines, Inc.* (2008) 165 Cal.App.4th 1237, 1246.) We review summary judgment orders de novo. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860.)

The operative complaint alleged causes of action against Adger and Shadow Hills based on Porter's agreement with Adger's son and Porter's access to her personal property. However, Adger and Shadow Hills were not parties to the purchase agreement. There was no evidence suggesting that Adger or Shadow Hills had anything to do with the agreement. The evidence showed that Porter willfully violated park rules by housing guests for extended periods of time without obtaining permission and was evicted based on her own violation of the park rules. In addition, Porter's agents were permitted to retrieve her belongings. No evidence was presented showing a triable issue of fact as to the causes of action alleged in the complaint. Therefore, summary judgment was properly granted.

## Denial of Continuance

Porter contends that the trial court should have considered her motion for reconsideration as a request for a continuance under Code of Civil Procedure section 437c, subdivision (h), because she showed that facts essential to justify opposition to the motion for summary judgment existed, but could not be presented. We find no abuse of discretion.

Code of Civil Procedure section 437c, subdivision (h), provides in pertinent part, "If it appears from the affidavits submitted in opposition to a motion for summary judgment . . . that facts essential to justify opposition may exist but cannot, for reasons

stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make any other order as may be just."

The declaration submitted in opposition to the motion for summary judgment must show: "'(1) the facts to be obtained are essential to opposing the motion; (2) there is reason to believe such facts may exist; and (3) the reasons why additional time is needed to obtain these facts. [Citations.]' [Citation.]" (*Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, 254.) The opposing party's lack of diligence in pursuing discovery is a factor that the trial court may consider in denying relief under Code of Civil Procedure section 437c, subdivision (h). (*Id.* at p. 257.)

"The statute mandates a continuance of a summary judgment hearing upon a good faith showing by affidavit that additional time is needed to obtain facts essential to justify opposition to the motion. [Citations.] Continuance of a summary judgment hearing is not mandatory, however, when no affidavit is submitted or when the submitted affidavit fails to make the necessary showing under [Code of Civil Procedure] section 437c, subdivision (h). [Citations.] Thus, in the absence of an affidavit that requires a continuance under [Code of Civil Procedure] section 437c, subdivision (h), we review the trial court's denial of appellant's request for a continuance for abuse of discretion. [Citation.]" (*Cooksey v. Alexakis, supra,* 123 Cal.App.4th at pp. 253-254.)

In this case, Porter incorrectly contends that the testimony of an APS agent was necessary to oppose the motion for summary judgment, but could not be obtained due to APS policies. Before Porter filed the complaint in this action, she knew whether she had failed to attend the unlawful detainer proceedings based on a representation by Adger that the eviction would not go forward. She failed to include any allegation about a misrepresentation in the operative complaint. She could have timely opposed the motion for summary judgment with her own declaration stating that she relied on a misrepresentation by Adger. Porter failed to show that the testimony of an APS agent was necessary to oppose the motion for summary judgment. We find no abuse of

9

discretion in denying Porter's motion under Code of Civil Procedure section 437c, subdivision (h).

## Denial of Leave to Amend

On appeal, Porter contends the trial court did not allow her to amend the complaint to allege that Adger was the party in control of her eviction, rather than Adger's son. We find no abuse of discretion in the trial court's denial of leave to amend.

"The trial court, 'in furtherance of justice,' may allow amendment of a pleading. [Citation.] Although there is a strong policy in favor of liberal allowance of amendments, the trial court's discretion will not be disturbed on appeal unless it clearly has been abused. [Citation.]" (*Foxborough v. Van Atta* (1994) 26 Cal.App.4th 217, 230.) "In denying leave to amend, the trial court may properly consider whether the subject matter of the amendment is objectionable, the conduct of the moving party, and the belated presentation of the amendment. [Citation.]" (*Del Mar Beach Club Owners Assn. v. Imperial Contracting Co.* (1981) 123 Cal.App.3d 898, 914.)

In this case, Porter did not request leave to amend until a few weeks prior to trial, when she was likely to lose the motion for summary judgment. We note that she did not request leave to amend to allege that Adger instituted and controlled the eviction proceedings. She requested leave to amend to add a new cause of action for abuse of process, based on Adger's use of the unlawful detainer proceedings for an improper purpose. However, Porter's argument in the trial court failed to address evidence showing that Adger had no financial interest in Porter's eviction and failed to explain how Adger's purpose was improper. Not only was her request untimely, but she failed to explain her lack of diligence in requesting leave to amend. The trial court did not abuse its discretion in denying her request to amend her complaint at the hearing on the motion for summary judgment.

In Porter's motion for reconsideration, she requested leave to amend to allege new causes of action for abuse of process and elder abuse based on new facts that Adger

misrepresented the status of the unlawful detainer proceedings and Adger had a restraining order against Olsen. However, these facts were known to Porter and her coplaintiff Olsen at all times and there was no explanation for the lack of diligence in presenting these claims. As discussed above, summary judgment was properly granted on the ground that no triable issue of fact existed. It would have been highly prejudicial to Adger and Shadow Hills to allow Porter to file an amended complaint that simply avoided the summary judgment ruling. The trial court did not abuse its discretion in denying Porter's request to file an amended complaint.

## DISPOSITION

The judgment is affirmed. Respondents Joanne Adger and Shadow Hills Mobile Home Park are awarded their costs on appeal.

KRIEGLER, J.

We concur:

TURNER, P. J.

ARMSTRONG, J.

11